# I Hastings *against* Lolough.

A transcript of the judgment of a justice of the peace, filed in the common pleas, creates no lien upon the defendant's real estate, if an appeal be entered before the justice within the time limited by law.

APPEAL from the decree of the court of common pleas of *Jefferson* county, appropriating the proceeds of the sale of the real estate of Job Carr.

Hastings obtained a judgment before a justice of the peace against Carr, and filed a transcript of it in the common pleas on the same day.   Carr, within the twenty days, entered an appeal and filed it in court, upon which the plaintiff afterwards obtained judgment.   In the meantime however Lolough obtained a judgment against Carr ; and the question presented was, whether the transcript filed by Hastings created a lien which continued until the real estate of Carr was sold.

The court below (Eldred, President) decided that the appeal took from the transcript the character of a lien.

*M'Calmont*, for appellant, cited, 12 *Serg. & Rawle* 73; 1 *Binn.* 381; 6 *Serg. & Rawle* 552 ; 13 *Serg. & Rawle* 57 ; 3 *Watts* 383.

*Buffington*, contra, cited, 14 *Serg. & Rawle* 57.

The opinion of the Court was delivered by

KENNEDY, J.—The only question presented by this appeal is, whether the lien created on the real estate of the defendant, by filing a transcript of a judgment obtained against him before a justice of the peace in the prothonotary's office and entering the same on his docket within the twenty days allowed after the rendi-

[Hastings v. Lolough.]

tion of the judgment for taking an appeal therefrom, and before any appeal is taken, continues to be a lien afterwards, when an appeal from the judgment to the common pleas has been duly taken and entered by the defendant.   Unless there be some clause or provision in the act of assembly giving to justices of the peace jurisdiction, and regulating appeals from their decisions to the common pleas, which continues the lien created by filing and entering the transcript in the prothonotary's office after the appeal shall have been taken and entered regularly in the common pleas, it is clear that such lien is terminated by the appeal; because the common and ordinary effect of the appeal is to open the judgment, or to annul it entirely; so that the plaintiff proceeds *de novo* after the appeal and is bound to make out his case in the same manner as if no judgment had ever been rendered in his favour.   It is very evident that there is no express clause or provision in the act of assembly directing that the lien in such case shall be continued after the appeal for any purpose whatever; nor can it be made out, consistently with the other provisions of the act, by implication or construction.   By the fourth section of the act of 1810 it is enacted, that from the entering of the appeal on the docket of the prothonotary, it shall from thence take grade with and be subject to the *same rules* as other actions, where the parties are considered to be in court, and the costs accrued before the justice shall await the event of the *suit*, meaning the appeal. It is also further thereby provided, that it shall be decided by the court on its facts and circumstances only; showing plainly that the judgment rendered by the justice of the peace is not to be regarded as in being or having any virtue attached to it whatever after the appeal shall be duly taken and entered.   Accordingly it has been held to be error, to permit the judgment of the justice to be read to the jury on the trial of the appeal.   Besides the tenth section of the same act which authorizes transcripts of judgments obtained before justices of the peace to be entered on the prothonotary's docket, in order to create a lien upon the real estate of the defendants lying within the county, with a view to render the lien effective and to give the plaintiff the benefit of it, expressly allows him, after having issued an execution on the judgment before the justice, directed to the proper constable, and a return made thereon by the constable that no goods are to be found, to have a *fieri facias* issued by the prothonotary upon the transcript so that the real estate of the defendant may be taken in execution to satisfy the judgment.   Now it cannot be pretended that the plaintiff is at liberty to proceed thus where an appeal has been taken; otherwise the right of appeal is given to little purpose, if the plaintiff may, notwithstanding, proceed on the transcript to collect the amount of the judgment rendered by the justice of the peace.   But it is perfectly manifest, that this proceeding to collect the amount of the judgment given by the justice cannot be had at all in case of an appeal being taken; for no *fieri facias* can be issued on the transcript without a previous

[Hastings v. Lolough.]

execution being sued out before the justice on the judgment; nor even then can it be done unless it shall appear, by the return of the constable, that the judgment cannot be levied out of the defendant's personal estate. The justice however cannot issue an execution upon a judgment given by him that has been appealed from in any case, so that the lien of the transcript, if it existed, would be rendered inefficient by the appeal, on account of not being able to use the means prescribed in other cases, for obtaining the benefit of it. It is clear, therefore, that the various provisions of the act, when taken together, prove most abundantly, that the transcripts of judgments appealed from, though entered on the docket of the prothonotary, were not intended to bind the real estate of the defendants therein named. It would also be contrary to every principle of analogy in the law to hold that they did. The argument, therefore, of expediency, however useful it might be, that it would be giving to the plaintiff a reasonable security for the payment of his judgment in case it should be affirmed on the appeal, which was used by the counsel for the appellant, cannot avail. And the provision made for this purpose by the compulsory arbitration law, in declaring expressly that the award of the arbitrators, in favour of the plaintiff against the defendant for a certain sum of money, shall be a lien for the amount thereof and continue to be so on the real estate of the defendant, notwithstanding an appeal taken from the award, until it shall be reversed upon trial of the appeal, makes strongly against the appellant here; because it shows that without such express provision it would not have bound the real estate of the defendant.

Decree affirmed.